Filed 08/14/09   Case 09-31667

FILED
August 14, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0002025632

RACHAEL BUCKLEY

5601 Raymond Court

Shingle Springs, CA 95682

(530) 672-9383 (916) 947-3448

Co-Debtor

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re:

RACHAEL AND DENIS BUCKLEY,

    Debtor.

) Case No.: # 09-31667-A-7
) MCN: UST-2
) Date: August 31, 2009
) Time: 9:00 am
) Courtroom: 28, 7th Floor
)         501 I Street, Sacramento California

## DECLARATION IN SUPPORT OF USTS

## MOTION TO REVIEW ATTORNEYS FEES

I, Rachael Buckley, swear that if called to testify, I would state the following:

    1. I am the co-debtor is this bankruptcy case, along with my husband, Denis Buckley.

    2. My husband and I were having financial problems, so we went consulted attorney Robert Buchler of Modesto, who had been recommended to us by a friend.

    3. We had one telephone consultation with Mr. Buchler and from that point forward, all correspondence was through Mr. Buchler's paralegal. He said he would charge us $2,100 to represent us in a chapter 7 bankruptcy plus the filing fee of $299. We paid him half upfront before any work was done, and the balance prior to the filing of the petition.

    4. In the telephone consultation I told Mr. Buchler about my husband's construction business and my real estate business. We told him that my husband was still in a contract to

build a house and more specifically, that we were receiving construction loan draws from our client via their construction lender for the construction of their home. The only concern he had was that our bank account only reflect the allowable "cash on hand" as permitted in bankruptcy at the time of filing the petition and that once the petition was filed, it didn't matter what work or deposits were made. We were never informed that my husband's business would have to be shut down and all work stopped once we filed. If we were aware of that, we would have never filed in the middle of a contract to build a home. We did not hide anything from our attorney and were assured that there were no issues in continuing to work and fulfilling the contract.

    5. Mr. Buchler filed our bankruptcy on June 9, 2009, after we had signed the documents and paid him the balance.

    6 Our meeting of creditors was held on July 15, 2009, and my husband and I appeared but Robert Buchler did not. Instead he sent an appearance attorney, who we had never met before or spoken to. During the meeting the trustee asked us questions about our businesses and we answered him truthfully. We were very confused because Mr. Buchler had led us to believe that our businesses would not be a part of the bankruptcy, or that we needed court approval for the trustee to operate a business in chapter 7. The attorney was of no help at the meeting, and he did not defend us at all. He seemed just as confused as we were. The trustee continued the hearing asking for bank statements regarding the business and personal, which we emailed that same day following the hearing. After the hearing, I immediately called Mr. Buchler to find out what was wrong with our case and how it could be fixed and he said that he would talk to the special appearing attorney and get back to us. After no return call, and almost a week of me trying to reach him several times each day, finally the paralegal called me and said that Mr. Buchler was very busy and unable to speak to me and was also unable to help me. She said the

trustee filed a motion to dismiss our case, but she seemed to think it was not a problem, that there were only "typos" on the petition relating to the our businesses, nothing to be concerned about, that it would be amended and fixed. Based upon how the hearing went, I knew there was more to it, and that something was terribly wrong, so I demanded a telephone call back from Mr. Buchler to get some answers and clarification. So it was almost a week later that I finally received a call from Mr. Buchler wherein he confirmed that something did go horribly wrong at the meeting but he didn't know why. He took no responsibility for what had happened, nor did he seem to have any resolution. He reluctantly asked us if we wanted him to oppose the motion to dismiss, stating that we could close Buckley Builders and open under another name. He did not give us any advice about what went wrong or how the matter could be rectified and when I pleaded for answers, he simply suggested that we find a new attorney to represent us then proceeded to hang up on me in mid-conversation. He was very rude and disrespectful to me, and didn't seem at all concerned that he put us in this awful position of feeling completely mis-represented. That was our last conversation with him.

      7. Now that our case has been dismissed, we have consulted a new attorney who will file a bankruptcy properly for us.

I swear the above is true and correct. Sworn on this 12th day of August, 2009, in Shingle Springs, California.

_____
Rachael Buckley, Debtor
efiler: antonia.darling@usdoj.gov